# HILL, BETTS & NASH LLP

ONE WORLD FINANCIAL CENTER
200 Liberty Street, 26th Floor
NEW YORK, NY 10281

(212) 839-7000
FAX: (212) 466-0514
WRITER'S DIRECT PHONE:

(212) 589-7553

September 2, 2010

*Via ECF*
The Honorable Roanne l. Mann
United States Magistrate Judge
United States Court House
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

        Re:  Martin Orr v. Royal Caribbean Cruises, Ltd, *et al.*

            10 Civ. 1246
            Our File No.: 06.089

Dear Magistrate Judge Mann:

    This office represents the defendants ("RCCL") in the above referenced litigation. This letter is submitted in response to the letter dated August 30, 2010 by counsel for plaintiff in this matter. Initially, the letter submitted by plaintiff is five pages in length and should not be accepted by this court as it is not in conformity with Local Rule 37.3 which restricts such letters to three pages in length.

    Plaintiff seeks the production of a Confidential Vessel Report concerning the subject incident involving Mr. Orr. Defendants position is that this document is protected from disclosure as material prepared in anticipation of litigation pursuant to Fed. R. Civ. P. 26(b)(3). Rather than respond to the cases cited by Mr. Chinigo in his letter to the court, the court should be advised that this identical issue has been ruled upon, after being briefed and argued, by Magistrate Judge Andrew L. Carter, Jr. of this court

and a copy of his decision dated March 10, 2010 is annexed hereto as Exhibit "1". Magistrate Judge Carter found that the identical form of report prepared by defendants RCCL at issue qualified as Material Prepared in Anticipation of Litigation. The decision of Magistrate Judge Carter required defendant to turn over the report since a finding was made that plaintiff had a substantial need of the information in the report and could not, without undue hardship, obtain the substantial equivalent of this information by other means (Exh. "1" P. 6).

Plaintiff has failed to demonstrate the substantial need for the information contained in the subject report, and thus the report should not be turned over to him. The claim as to defendant RCCL alleges that they provided a defective dishwasher for plaintiff to use. RCCL has provided records concerning the dishwasher in their Supplemental Response to plaintiff Demands a copy of which is annexed hereto as Exhibit "2". Plaintiff has not demonstrated that a 30(B)(6) witness produced by RCCL would not have the discoverable information as to the dishwasher in question, and he has not demonstrated that plaintiff has a substantial need for any further information that cannot be gleaned from the RCCL witness and from his own clients testimony. Upon information and belief, there were no eyewitnesses other than plaintiff himself to the August 14, 2007 incident. Defendant has listed David Telesford in their Rule 26 Disclosures based on plaintiff claiming to have notified him of the incident after it occurred. Plaintiff has Served a notice to Take Deposition of Mr. Telesford.

The background of this dispute should also include the fact that plaintiff has alleged in his Complaint that on August 14, 2007, he was injured when he was struck by a defective dishwasher door while employed on the defendant's vessel The Voyager of The Seas. Defendant's records reflect that plaintiff prepared a "Statement of Employee Injury" dated August 6. 2008, which report lists no witnesses to the incident. A copy of this Statement is annexed hereto as Exhibit "3".

As the *in camera* inspection of the report at issue demonstrates any information regarding the happening of the incident, the maintenance and repair of the subject dishwasher is going to come from other witnesses, not those listed on the report, which was prepared some weeks after the date of the alleged injury.

Plaintiff's claim that he has undue hardship in obtaining information from the subject report is not borne out by the facts of this case. His client. Mr. Orr, has reported that there were no witnesses to his incident (Exh."3"). The fact that RCCL employees work aboard vessels sailing around the world

{NY109639.5 }

does not qualify as meeting his burden, since he has failed to demonstrate that any of the persons listed on the document would be witnesses or have any discoverable information about the incident. More important, as is the situation with personal injury cases, Plaintiff was at the site of the incident. He has no basis to claim that he does not know the circumstances of the incident or who was there. Lastly, he has not identified any specific information that has not been provided to him for which he has a substantial need.

      Plaintiff has failed to make any showing of substantial need or undue hardship. Therefore, the court should find pursuant to Rule 26(b)(3) of the Federal Rules of Civil Procedure that the Report is not subject to disclosure.

Very Truly Yours,

Francis W. Turner (FWT5174)

FWT:
Attachments

{NY109639.5 }